United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 9, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
for the Fifth Circuit**

No. 03-30873

BILLIE J. HARPER,

Plaintiff-Appellant,

VERSUS

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
02-CV-869

Before HIGGINBOTHAM, DAVIS and EMILIO M. GARZA, Circuit Judges,

PER CURIAM:[*]

On October 26, 1998, Billie J. Harper ("Harper") filed an application for disability benefits. Harper requested benefits relating back to the date a knee injury and heart condition forced him to quit his work as a self-employed, drilling and work over consultant. He was 57. The Commissioner of Social Security

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

("Commissioner") denied his application initially and upon reconsideration. Harper requested and was granted a hearing before an administrative law judge ("ALJ") to appeal the Commissioner's ruling. The hearing was held on January 12, 2000.

On May 19, 2000, the ALJ issued an opinion finding that Harper was not disabled. The ALJ found that 1) Harper had not engaged in gainful activity since September 22, 1997, 2) Harper was of advanced age, 3) Harper had no transferrable skills, 3) Harper was able to lift 50 pounds occasionally and 25 pounds frequently, 4) Harper was unable to climb, kneel, squat, and could not push or pull using his left leg, 5) Harper could sit for eight hours in an eight hour day but could stand for only thirty minutes at a time for up to two hours in an eight hour day, and 6) Harper had a high school education and vocational training. At step five of the disability analysis, the ALJ determined that Harper could perform medium work and was therefore able to perform work found in significant numbers in the national economy, i.e. Harper was not disabled. Harper appealed that decision to the district court. The district court affirmed the ALJ's judgment based upon a report and recommendation from the magistrate. Harper now appeals the district court judgment to this court.

Harper complains that the ALJ erred in finding that he was capable of medium work and thus able to perform work available in significant numbers in the national economy. He asserts that his advanced age, lack of transferrable skills, and limited education

2

should dictate a finding of disability.

Under federal regulations in place at the time Harper applied for social security benefits, severely impaired individuals over the age of 55 are considered disabled unless they are able to perform medium work or have skills that could be used in less demanding jobs:

> **Person of Advanced Age.** We consider that advanced age (55 or over) is the point where age significantly affects a person's ability to do substantial gainful activity. If you are severely impaired and of advanced age and you cannot do medium work . . . you may not be able to work unless you have skills that can be used in (transferred to) less demanding jobs which exist in significant numbers in the national economy.

20 C.F.R. § 404.1563 (1999).[1]

The ALJ's conclusion of "not disabled" was based upon a finding that Harper was capable of performing medium work:

> The claimant can lift and carry 50 pounds occasionally and 25 pounds frequently. The claimant can sit for eight hours in an eight-hour day. The claimant can also stand and walk for thirty minutes at a time for a total of two hours in an eight-hour day. The claimant, however, cannot climb, kneel or squat. In addition, the claimant cannot push or pull using his left lower extremity.
>
> * * *
>
> Based on an exertional capacity for work, and the claimant's age, education, and work experience, medical-vocational rule 203.15, used as a framework for decision making, justifies a conclusion of "not disabled."

---

[1]On April 6, 2000 the regulations were changed slightly to be more specific about when those of advanced age are still able to work despite impairments. 20 C.F.R. § 404.1568(d)(4) (2004). We do not comment on these current regulations since both parties are in agreement that the prior regulations should be applied.

3

*ALJ Opinion*, at 10, 11.

The ALJ's conclusion is flawed, however, because the ALJ's evaluation of Harper's residual functional capacities do not allow a finding that he is capable of medium work. While federal regulations define the ability to do medium work as simply the ability to lift 50 pounds occasionally and 25 pounds frequently, 20 C.F.R. § 404.1567(c), social security rulings interpreting that regulation dictate that "[a] full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds." Social Security Ruling 83-10, *Titles II and XVI: Determining Capability to do Other Work--The Medical-Vocational Rules of Appendix 2.*[2] The ALJ's determination that Harper cannot walk or stand more than two hours in an eight-hour workday mandates the conclusion that he is not capable of the full range of medium work.

As such the ALJ's finding of "not disabled" based upon 20 C.F.R. § 404.1563(d) and 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 203.15 is not appropriate. Accordingly we reverse and remand for a more specific evaluation of Harper's level of exertional capacity and ability to perform work present in significant numbers in the

---

[2]"The Social Security Administration's rulings are not binding on this court, but they may be consulted when the statute at issue provides little guidance. The Fifth Circuit has frequently relied upon the rulings in evaluating ALJs' decisions." *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001) (citations omitted).

national economy given his skills and education.

REVERSE and REMAND.